UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

[Fort Lauderdale Division]

CASE NO.:  0:25-cv-61701-MD

CELLPOINT INT'L
       *Plaintiff*

       v.

MARK LAFFLER
       *Defendant*

**PLAINTIFF CELLPOINT'S MEMORANDUM IN OPPOSITION TO**

**<u>DEFENDANT'S MOTION TO DISMISS THE COMPLAINT</u>**

## I. INTRODUCTION

Defendant Mark Laffler has moved to dismiss (Document 8) Plaintiff Cellpoint Intl's Complaint by claiming: (1) that Plaintiffs have not pled a claim upon which relief could be granted; and more specifically, (2) that Plaintiffs have inadequately pled their claims under the heightened pleading requirements of Rule 9(b).

Plaintiff opposes Defendant's Motion to Dismiss because its arguments are woefully inadequate. The motion consists of a series of conclusory statements to the effect that Rule 9(b) is not satisfied—in each instance, lacking any factual or analytical substantiation. The support for those statements mainly comes in the form of nitpicking as to veracity of facts, objectively gross mischaracterizations of allegations (e.g., using snippets of one paragraph as if comprising all allegations), or the bold use of entirely inapposite caselaw—none of which, actually go to the purpose of testing the legal sufficiency of the Complaint or querying the specific plausibility or particularity of any one claim or statements within the claim.

For these reasons, as expounded upon below, Defendant's Motion should be dismissed in its entirety.

## II. CLARIFYING THE RELEVANT PLEADING STANDARDS

### A. FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) & 8(A)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The threshold is 'exceedingly low' for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted." See *Body Details LLC v. Dominion Aesthetic Techs., Inc.*, No. 23-80926-CIV-Middlebrooks, 2024 U.S. Dist. LEXIS 38693, at *4 (S.D. Fla. Jan. 23, 2024) (*quoting Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1983).

A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80(1957); *Oxford Asset Mgmt. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002). Labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

And additionally, as is pertinent to this Motion at bar, a Rule 12(b)(6) motion should not be used to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016); see *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022). Nor is it proper to address credibility or proof issues in a Rule 12(b)(6) motion. *Twombly*, 550 U.S. at 556. And what is more, a Rule 12(b)(6) motion cannot be used to challenge a claim's assertion of an incorrect legal theory if the claim asserts a basis upon which some form of relief would be appropriate: "Federal pleading rules … do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

### B. FEDERAL RULE OF CIVIL PROCEDURE 9(b).

The Federal Rules apply a heightened pleading standard to complaints alleging fraud or mistake—per the terms of Rule 9(b): "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. Rule 9(b). But it notably goes on to clarify: "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally. *Id.*

Further, as the Eleventh Circuit has explained and cautioned: "application of [Rule 9(b)] must not abrogate the concept of notice pleading." *Durham v. Bus. Mgmnt. Assocs*, 847 F.2d 1505, 1511 (11th Cir.1988). This means: "Rule 9(b) must be read in conjunction with Rule 8(a)" and the latter's requirement of only "a short, plain statement of the grounds upon which he is entitled to relief." And for practical purposes, this translates as follows—Rule 9(b) is satisfied if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (*quoting Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

Stated in short form, under Rule 9(b), it is "sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were

made with the requisite intent." *SEC v. Westhead,* 733 F. Supp. 3d 1284, 1295 (S.D. Fla. 2024) (*quoting Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008)). The key inquiry is whether plaintiffs "accompanied their complaint with sufficient detail of the underlying acts that allegedly constitute fraud to provide defendants with notice of the 'precise misconduct with which they are charged.'" *See Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1187 (11th Cir. 2025) (*citing Durham*, 847 F.2d at 1511).

### III.  PLAINTIFF'S CLAIMS STATE ALL ELEMENTS & SATISFY ALL STANDARDS

#### A.  PLAINTIFF PLAUSIBLY STATES A CLAIM OF PROMISSORY FRAUD

Defendant's attack on Plaintiff's promissory fraud claim—its first of several unsupported arguments—rests on a generalized assertion of insufficient specificity under Rule 9(b), propped up by mischaracterizations and misapplications of law. Defendant portrays Plaintiff's allegations as an "undocumented joint venture agreement" focused on future profits, and then faults Plaintiff for supposedly failing to allege a "false representation of an existing material fact," nor intent not to perform, nor intent o deceive. This misconstrues both Plaintiff's pleadings and the law applicable to promissory fraud.

As a threshold matter, Defendant mistakenly relies on Alabama law to assert the elements of promissory fraud. Under Florida law, which governs here, the elements are clearer and more pertinent. Promissory fraud, or fraudulent inducement by a false promise, is well established in this Court: it arises where one party makes a promise about future action with no intent to perform. *See Crossroads Fin. LLC v. Alma-Mater Collection, Inc.*, 2020 U.S. Dist. LEXIS 192471, at 22 (Oct. 15, 2020 S.D. Fla.)*; Steel Media Grp., LLC v. Lewis,* 2023 U.S. Dist. LEXIS 2714*,* at 21 (Jan. 6, 2023 S.D. Fla.) (both characterizing promissory fraud as fraudulent inducement by false promise of future action made without present intent to perform).

Florida courts set out the elements as follows:
1. A promise or promissory representation regarding a material matter;
2. Made without the intention to perform (or with positive intent not to perform);
3. Made for the purpose of deceiving and inducing reliance;
4. Reliance by the promisee to their detriment.

*See Home Seekers' Realty Co. v. Menear*, 135 So. 402, 403 (Fla. 1931); *Bailey v. Covington*, 317 So. 3d 1223, 1228 (Fla. 3d DCA 2021); *Wadlington v. Cont'l Med. Servs., Inc.,* 907 So. 2d 631, 632 (Fla. 4th DCA 2005).

Significantly, Florida law expressly recognizes that a promise about future conduct—when made without intent to perform—counts as actionable misrepresentation. *See Steel Media Grp*., LLC, 2023 U.S. Dist. LEXIS 2714, at *24; *Cape, LLC v. Och-Ziff Real Est. Acquisitions LP*, 370 So. 3d 1010, 1016 (Fla. 5th DCA 2023).

Defendant's focus on the supposed absence of "a false representation of an existing material fact" is thus misguidedly beside the point: the law is clear that promissory fraud revolves around a false promise of future conduct. Moreover, the Complaint expressly alleges that Defendant made promises without intent to perform and with intent to deceive—precisely the elements Defendant claims are missing.

Rule 9(b) requires fraud allegations to specify who, what, when, where, and how. Here, the Complaint details as follows:

1) *Specific Oral Representations Made*: Defendant claimed to need financial help for his start-up, promised Plaintiff that all funds supplied were loans to be repaid, and that he would cover the lease and repay Plaintiff for those payments.

2) *When and By Whom They Were Made*:   These misrepresentations were made by Defendant to Plaintiff between January 2024 and January 2025, in the context of monthly requests for $20,000 lump-sum payments (plus additional sums per request).

3) *How They Were Misleading*: Defendant never intended to repay the loans or the lease payments despite promises otherwise, misrepresented his financial needs without any real research or support, and knew Plaintiff would rely on his statements.

4) *What Defendant Gained Through the Alleged Fraud:* Defendant obtained a total of $262,000 in funds purportedly advanced as loans, plus lease payments totaling $73,500, with no intention of repayment.

*See FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).

Case law confirms that allegations like Plaintiff's satisfy Rule 9(b). In *Crossroads Fin. LLC*, the Court found it sufficient that the plaintiff alleged: (1) promises made to induce reliance, (2) knowledge of their falsity, and (3) inference of no intent to perform. Malice and intent can be alleged generally. 2020 U.S. Dist. LEXIS 192471, at *22); *See also Steel Media Grp., LLC*, 2023

U.S. Dist. LEXIS 2714 *24-25 (promise to supply goods without actual resources, intent to obtain funds, reliance, and resulting damages held sufficient). Other applicable authorities further support this standard, including *Gose v. Native Am. Servs. Corp.*, 109 F.4th 1297, 1318-19 (11th Cir. 2024) (applying detailed 9(b) analysis in complex context), and Mejia v. Jurich, 781 So.2d 1175 (Fla. 3d DCA 2001) (fraud claim based on promise of future performance sustained when intent not to perform alleged).

In sum, Defendant's argument misconstrues both Plaintiff's allegations and controlling law. The Complaint pleads each element of promissory fraud with the requisite particularity, and Defendant's motion should be denied accordingly.

### B. PLAINTIFF PLAUSIBLY STATES A CLAIM OF PROMISSORY ESTOPPEL

In its second baseless challenge, Defendant's arguments against Plaintiff's promissory estoppel claim are so muddled and superficial that they barely warrant response. Rather than address the actual elements of promissory estoppel as alleged, Defendant opts for unrelated legal points and a misreading of the Complaint.

*First*, Defendant argues (incorrectly) that promissory estoppel cannot rescue a failed contract claim, citing *Advanced Marketing Systems Corp. v. ZK Yacht Sales*, 830 So. 2d 924, 928 (Fla. 4th DCA 2002). Not only does this case address summary judgment (not a motion to dismiss), but the doctrine here is cited inappositely—Plaintiff never alleges a breach of contract, nor does the Complaint rely on oral promises pre-dating a written contract. Defendant's warnings are, therefore, entirely irrelevant.

Second, Defendant relies on *Argonaut Development Group, Inc. v. SWH Funding Corp.*, 150 F. Supp. 2d 1357 (S.D. Fla. 2001), for the proposition that promissory estoppel cannot stand where the promise is too "indefinite." But Defendant's cherry-picked summary of Plaintiff's allegations ("merely" promising to use refurbished inventory and to repay "financial assistance") drastically misrepresents the pleadings. Defendant ignores substantial factual details and context set forth in the Complaint regarding the nature and extent of the promises and the Plaintiff's detrimental reliance upon them.

Moreover, *Argonaut* is inapposite: that case involved a Plaintiff who failed to satisfy contractual prerequisites and thus could not reasonably rely on an alleged promise. Here, Plaintiff has detailed concrete promises by Defendant concerning specific inventory use and payment, and

the resulting financial commitment of over $400,000 by Plaintiff in justifiable reliance. Defendant's selective citations cannot erase these allegations.

Notably, Defendant offers no arguments challenging the actual legal sufficiency of the promissory estoppel claim under Rule 12(b)(6). Defendant does not, and cannot, contend that heightened pleading under Rule 9(b) applies. The only applicable standard is provided by Rule 8(a)(2): a "short and plain statement" showing entitlement to relief.

Under Florida law, the elements of promissory estoppel are: (1) a representation as to a material fact later contradicted; (2) reasonable reliance; and (3) detrimental change in position caused by the representation. See *Aquatopia, LLC v. Gurson*, No. 1:23-cv-20841-KMM, 2025 U.S. Dist. LEXIS 112987, at *8 (S.D. Fla. June 11, 2025). The Complaint satisfies each element: Defendant's concrete promises regarding inventory and repayment, Plaintiff's reasonable reliance and substantial commitment of funds, and the resulting loss.

Recent authority confirms that allegations of a promise, reliance, and detrimental change in position are sufficient to defeat a motion to dismiss. *Aquatopia*, LLC, 2025 U.S. Dist. LEXIS 112987, at *8-9. Under the "exceedingly low" threshold for Rule 8 notice pleading, Plaintiff's claim readily survives. See *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1983); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

In short, Defendant's challenge to promissory estoppel is both procedurally and substantively empty. Plaintiff's claim is properly pled and Defendant's motion should be denied accordingly.

### C. PLAINTIFF PLAUSIBLY STATES A CLAIM OF CONVERSION

Defendant's challenge to Plaintiff's conversion claim misses the mark due to a fundamental misunderstanding of the claim's basis. Defendant wrongly assumes this count targets money, leading to an irrelevant and overly technical discussion of legal hurdles particular to monetary conversion. Defendant then concludes—incorrectly—that Plaintiff's claim must fail for lack of allegations unique to conversion of money.

But money is not at issue. As stated repeatedly throughout this Complaint, the subject of Plaintiff's conversion claim is the inventory—more specifically, the phones Plaintiff supplied to Defendant. Under the parties' agreement, Plaintiff provided Defendant with inventory for sale, but Plaintiff retained ownership of all unsold stock. (See Compl. ¶16.)

Defendant raises no substantive challenge to the legal sufficiency of the conversion claim beyond this mistaken premise. Defendant does not contest the adequacy of the allegations under Rule 12(b)(6) (or, for that matter, Rule 8(a)), except as to the misplaced "money" argument. No heightened pleading applies here—Rule 9(b)'s fraud standard is irrelevant since Plaintiff's conversion claim sounds in property.

The result mirrors Defendant's approach to Plaintiff's prior claims: Rather than present a valid argument under Rule 12(b)(6), Defendant's opposition merely misdirects, demanding Plaintiff "validate" a claim never truly disputed. When analyzed under the proper standard, Plaintiff's well-pled allegations fully state a claim for conversion.

Florida law defines conversion as the wrongful exercise of dominion over another's property, inconsistent with the owner's rights. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009). It requires only wrongful authority exercised over goods, regardless of time or the actor's good faith. *See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris*, D.D.S., P.A., 781 F.3d 1245, 1258 (11th Cir. 2015); *Seymour v. Adams, 638 So. 2d 1044*, 1047 (Fla. 5th DCA 1994).

Federal Rule 8(a) only requires that a complaint give fair notice of the claim and its grounds. Here, the Complaint alleges:

1. Plaintiff supplied inventory to Defendant under a specific arrangement, while retaining ownership;
2. Defendant sold the inventory without Plaintiff's permission and kept the proceeds;
3. Plaintiff demanded return of the inventory or proceeds, which Defendant refused; and
4. Plaintiff was thereby deprived of possession and the value of $340,000 in stock. (Compl. ¶¶55-58.)

These well-supported allegations satisfy Rule 8 and state a plausible claim for conversion—exercising authority over another's property, refusal on demand, and clear derogation of Plaintiff's rights. *See Sports Mgmt. Svs. LLC*, 2016 U.S. Dist. LEXIS 200342, at *18 (S.D. Fla. Mar. 22, 2016). Defendant's motion should be denied accordingly.

### D. PLAINTIFF PLAUSIBLY STATES A CLAIM OF FRAUDULENT MISREPRESENTATION

Defendant's objections to Plaintiff's claim for fraudulent misrepresentation fall into the same pitfalls as highlighted in earlier criticisms: broad accusations of insufficient pleading, thinly layered over with tangential or inadequate reasoning.

To begin, Defendant claims the Complaint does not "sufficiently plead the content and manner of Defendant's alleged false statements" (Mot. at 9), arguing that Plaintiff only raises vague allegations of inventory and accounting issues. This superficial characterization, however, does not reflect the detail provided in the Complaint.

Defendant further contends that Plaintiff's fraud claim is essentially a breach of oral contract repackaged as fraud, concluding—with no analysis—that "every breach of contract cannot be pleaded as fraud in the inducement." But there's a glaring logical disconnect here: Defendant never explains why these allegations should be understood as fraud in the inducement, nor provides any foundation for casting them as a contract dispute. In contrast, actual precedents—including *Sader v. Padron* and *Agudelo v. Padron*—make it clear that fraud and breach of contract are distinct; courts recognize tortious conduct as separate when it arises from misconduct unrelated to mere contract nonperformance. *See Sader v. Padron*, No. 18-22891, 2018 U.S. Dist. LEXIS 222188, at *5 (S.D. Fla. Dec. 18, 2018); *see also Agudelo v. Padron*, No. 18-22612-Civ-Scola, 2019 U.S. Dist. LEXIS 49163, at *8 (S.D. Fla. Mar. 25, 2019)  In this case, the claim flows from Defendant's manipulations of inventory records—property belonging to and advanced by Plaintiff—not from a mere failure to perform under contract.

Moreover, Defendant sidesteps articulating the proper legal standard for fraudulent misrepresentation. For context and clarity, under Florida law, such a claim must allege: (1) a false statement regarding a material fact; (2) knowledge of the falsehood; (3) intent that another rely on the misstatement; and (4) resulting injury from actual reliance. *See Aquatopia, LLC,* 2025 U.S. Dist. LEXIS 112987, at *8-9.

Much like the rest of his Motion, Defendant's assertion that Plaintiff's fraud allegations lack detail focuses solely on an introductory paragraph in Count IV, which simply provides background. This approach misrepresents the scope of the Complaint. The narrative in Count IV, together with its referenced provisions, squarely addresses all required elements.

Let's break down the allegations:

1. *Materially False Statement*: Defendant represented that he held only a fraction of Plaintiff's inventory, with the intent to obscure losses or misappropriate property.
2. *Knowledge of Falsity*: Defendant knew his representation was false—reporting just $17,000 in inventory while the actual value was $90,000.

   3. *Intent to Induce Reliance*: This misrepresentation was designed to induce Plaintiff's reliance, concealing any missing or withheld inventory.
   4. *Injury*: As a direct result, Plaintiff suffered a loss of $73,000.

Contrary to Defendant's suggestion, the Complaint is not short on specifics. It details the "who, what, when, where, and how" of the alleged fraud—and in doing so, meets the standards set forth under Rule 9(b) and by this Circuit's controlling case law. S*ee FindWhat Inv. Grp.*, 658 F.3d at 1296; *see also Bailey v. Janssen Pharmaceutica, Inc.,* No. 06-80702 CIV, 2006 U.S. Dist. LEXIS 82811 at *6 (S.D. Fla. Nov. 14, 2006), aff'd, 536 F.3d 1202 (11th Cir. 2008) ("Adequate pleading of a claim of fraud requires allegations of 'who made the false statements, the substance of the false statement, the time frame in which it was made, in the context in which the statement was made.'"). Defendant's contrary reading is undermined by the specific factual bases outlining the false statements, the context in which they were made, and the resulting loss—and Defendant's motion should be denied accordingly.

   E.  **PLAINTIFF PLAUSIBLY STATES A CLAIM OF NEGLIGENT MISREPRESENTATION**

Under Florida law, a claim for negligent misrepresentation requires four specific elements: (1) a misrepresentation of a material fact; (2) the representor either knows the statement is false, makes it without knowing whether it is true or false, or acts under circumstances where they should have known it was false; (3) the intent that the misrepresentation will induce another party to act; and (4) resulting injury to a party who justifiably relied on that misrepresentation. See *Atl. Nat'l Bank v. Vest*, 480 So. 2d 1328, 1331 (Fla. 2d DCA 1985).

The Defendant's Motion accurately sets forth these elements. We also do not dispute that the heightened pleading standard under Rule 9(b) applies to negligent misrepresentation claims in federal court, as this Court has recently noted in accordance with Eleventh Circuit guidance. *See, e.g., Aquatopia, LLC*, No. 1:23-cv-20841-KMM, 2025 U.S. Dist. LEXIS 117023, at *12 (S.D. Fla. June 18, 2025) (observing that such claims are treated as sounding in fraud and must satisfy Rule 9(b)'s particularity requirements).

However, beyond simply reciting the appropriate legal standards, the Defendant's actual arguments are muddled and misplaced. The Motion puts forward two supposed conclusions, both of which miss the mark both factually and legally, and appear out of logical order and context.

First, Defendant contends that—even if the Rule 9(b) standard is satisfied—"the failure to disclose material information is not actionable as part of a negligent misrepresentation claim absent some fiduciary or fiduciary-like duty." Mot. at 10 (citing *Hawaiian Airlines, Inc. v. AAR Aircraft Servs.*, 167 F. Supp. 3d 1311, 1322 (S.D. Fla. 2016). But it is unclear why Defendant relies on precedent relating to nondisclosure, as neither the *Hawaiian Airlines, Inc* parties' relationship nor the failed test described in that opinion are remotely analogous to the facts at issue here. More fundamentally, our case centers on an affirmative misrepresentation—an active statement—not nondisclosure or mere omission. The subjects of our negligent misrepresentation claim mirror those in the fraudulent inducement and fraudulent misrepresentation counts in the Complaint (Counts I and III).

Second, Defendant provides an inaccurate and, frankly, irrelevant summary of Plaintiff's supporting allegations. Specifically, Defendant distills the twenty-plus detailed paragraphs in the Complaint down to a simplistic and misleading restatement: that Plaintiff merely alleges participation in an informal joint venture to sell cell phones that ultimately failed, without providing sufficient particularity. This characterization disregards the actual specificity and substance of the allegations forming the negligent misrepresentation claim.

In any event, Plaintiff's Complaint checks all the Rule 9(b) boxes. The details—who, what, where, when, and how—are present and sufficiently spelled out in both the narrative and factual allegations:

1. *Specific Statements, Documents, or Omissions:* Defendant made numerous oral representations to Plaintiff that financial assistance (loans) would be repaid through future commissions or alternative means, including coverage of monthly office-lease payments and representations regarding inventory values. Defendant promised (orally and through ongoing communications) that Plaintiff's advances would be repaid and provided figures for inventory allegedly held, but failed to disclose that he had no factual basis or analysis backing up these statements. These omissions were critical, as Defendant did not provide accurate financial data, nor did he inform Plaintiff of the lack of supporting information for repayment or inventory values.

2. *Time, Place, and Responsible Person:* The Defendant made these statements and omissions directly to Plaintiff during the period between January 2024 and January 2025. The false representations and requests for assistance occurred monthly and

   related to both financial advances and coverage of office-lease payments. The Defendant alone was responsible for making these statements or failing to provide the omitted, truthful information.

3. *Content of Statements & Manner of Misleading Plaintiff:* The Defendant asserted that financial assistance would be repaid (though he had no intention or means to do so) and misrepresented the value of inventory (presenting 17,000 when the true value was 90,000). These representations were false and unsupported by any analysis or objective data, and Defendant knew, or should have known, their falsity. Plaintiff relied on these representations in good faith, was unaware of their falsity, and continued to disburse funds and cover expenses as a result.

4. *What Defendant Obtained as a Consequence of Fraud:* Defendant received a total of $262,000 in unrepaid loans and $73,500 in lease payments covered by Plaintiff, as well as coverage for inventory shrinkage in the amount of $73,000—a total of $408,500 obtained through these false representations and omissions.

The Complaint pleads each element of negligent misrepresentation with the requisite particularity, and Defendant's motion should be denied accordingly.

### F. PLAINTIFF PLAUSIBLY STATES A CLAIM FOR FDUTPA

The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") provides straightforward protection against "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204. To sustain a FDUTPA claim, three primary elements must be plausibly alleged: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *See Double AA Int'l Inv. Grp., Inc. v. Swire Pac. Holdings*, Inc., 674 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009); *Rollins, Inc. v. Butland,* 951 So. 2d 860, 869 (Fla. 2d DCA 2006).

A "deceptive practice" is recognized as a representation, omission, or practice likely to mislead a reasonable consumer, to that consumer's detriment. *See Zlotnick v. Premier Sales Group*, 480 F.3d 1281, 1284 (11th Cir. 2007). The statute casts the term "consumer" broadly, including individuals, businesses, firms, and any commercial entity or group—later refined to generally require that the consumer purchased goods or services. *See* Fla. Stat. Ann. § 501.203(7); *Leon v. Tapas & Tintos, Inc.,* 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014).

Turning to the Defendant's motion to dismiss, several points are presented, yet the conclusory pattern persists:

1. Recitation of FDUTPA's statutory and case law-based elements.
2. Assertion that the Eleventh Circuit holds that "Rule 9(b)'s particularity requirement applies to FDUTPA claims when those claims sound in fraud" (Mot. at 11, citing Pop v. LuliFama.com LLC, 145 F.4th 1285, 1292 (11th Cir. 2025)).
3. Claim that Plaintiff's allegations are too vague and do not meet Rule 9(b)'s standard.

Simply put, Defendant's sweeping conclusion is both unfounded and improperly applied. The argument amounts to a baseless critique of the complaint's context, and notably, fails to articulate what underlying facts are supposedly missing—beyond generic complaints regarding "vagueness."

Now, about this supposed Rule 9(b) requirement: The question of whether claims under FDUTPA must meet Rule 9(b)'s heightened pleading standard (typically reserved for fraud) is not as straightforward as Defendant implies. While some recent decisions do apply Rule 9(b) where the FDUTPA claim sounds in fraud, there's no absolute, categorical rule. On the contrary, courts have repeatedly recognized that FDUTPA extends significantly beyond common law fraud and misrepresentation, offering remedies for conduct outside those classic parameters. *See, e.g., Visonic Sys. v. AT&T Digital Life*, 971 F. Supp. 2d 1178, 1195 (S.D. Fla. 2013); *Office of Atty. General, Dept. of Legal Affairs v. Tenet Healthcare Corp.*, 420 F. Supp.2d 1288, 1310 (S.D. Fla. 2005).

For the sake of argument, let's assume Rule 9(b) applies because Plaintiff's claim "sounds in fraud." Even then, Plaintiff's Complaint checks all the Rule 9(b) boxes. The details—who, what, where, when, and how—are present and sufficiently spelled out in both the narrative and factual allegations:

- Defendant's oral statements and misrepresentations (including false promises to perform, misstatements about accounting records, and fictitious claims of ownership over certain inventory) were made directly to Plaintiff.
- The time frame for these statements and acts is detailed, stretching from December 2023 through at least January–February 2025, with multiple oral representations and inducements throughout.

- The specifics: (i) false promises regarding goods/services, (ii) empty assurances about repayment and record-keeping, and (iii) repeated misrepresentations about inventory sales and ownership.
- As a direct result, Plaintiff made substantial monthly and supplemental payments, suffered unauthorized sales of their inventory, and experienced significant and concealed financial harm—all directly traceable to Defendant's conduct, tallying damages of $747,112.98.

But the practical question, beyond whether Plaintiff pleaded with adequate particularity, is whether these facts give Defendant fair notice of the so-called "precise misconduct" with which he is charged. And they do. As articulated in *Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1187 (11th Cir. 2025), and drawing from *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988), detailing the specifics is precisely what has happened here.

In short, Defendant's motion lacks any legitimate foundation and only underscores the sufficiency of the Complaint's allegations—even under Rule 9(b). The facts, parties, circumstances, and damages are all plainly asserted. The attack on pleading standards here is not only unwarranted but affirmatively undercut by the very details provided. And thus, The Complaint pleads each element of the FDUTPA claim with the requisite particularity, and Defendant's motion should be denied accordingly.

### G. PLAINTIFF PLAUSIBLY STATES A CLAIM FOR UNJUST ENRICHMENT

To state a claim for unjust enrichment, a plaintiff must allege:

1. Conferral of a benefit upon the defendant,
2. Defendant's appreciation of the benefit, and
3. Defendant's acceptance and retention of the benefit under circumstances that make it unjust for the defendant to retain it without payment.

*United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (*quoting Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006)). This principle is designed to prevent the wrongful retention of benefits and has its roots in the core values of fairness and equity. *See Cleveland Clinic Fla. v. Children's Cancer Caring Ctr., Inc.*, 274 So. 3d 1102, 1104 (Fla. 4th DCA 2019) (*citing Henry M. Butler, Inc. v. Trizec Props., Inc.,* 524 So. 2d 710, 711 (Fla. 2d DCA 1988)).

Defendant challenges the unjust enrichment claim by asserting, in blanket unchecked fashion:

1. Any unjust enrichment claim "sounding in fraud" must meet Rule 9(b)'s pleading standard.
2. Plaintiff's claim is, by its nature, fraud-based.
3. Plaintiff's allegations fall short of the required specificity.

However, the Defendant's arguments are conclusory and unsupported. The Complaint was drafted to distinguish unjust enrichment from fraud—deliberately omitting allegations of intent, deception, or misrepresentation, and instead focusing on facts showing the Defendant's retention of undeserved benefits at Plaintiff's expense. While fraud requires wrongful intent, unjust enrichment concerns the fairness of retaining a benefit—regardless of how it was received, whether by mistake, oversight, negligence, or even misconduct. The fact of unfair enrichment governs; intent is not a required element.[1]

Plaintiff has already addressed claims properly evaluated under Rule 9(b) (fraud, negligent misrepresentation, etc.) with particularity. The unjust enrichment count, by contrast, arises out of the underlying facts regarding benefits conferred and retained. Specific conduct here includes misuse of funds and inventory, granting unauthorized credit, and diverting profits—all resulting in concrete damages to Plaintiff.

As the authorities recognize, a claim for unjust enrichment can be properly pleaded in the alternative—even if there are contract or fraud claims based on the same facts. Courts routinely allow pleadings in the alternative under Rule 8(d), and it does not matter if the Complaint uses express language to that effect, so long as it is reasonably inferred from the allegations. *See Mazer*, 556 F.3d at 1273, *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC*, NO. 11-61577-CIV-ALTONAGA, 2011 U.S. Dist. LEXIS 95836 at *3 (S.D. Fla. Aug. 26, 2011) ("A party need not use any special words to properly plead in the alternative; it only must be 'reasonably inferred that

---

[1] Notably, it was quite recent, that courts in this Circuit held a claim of unjust enrichment may not be predicated on a wrong committed by a defendant. See *Guy. Tel. & Tel. Co. v. Melbourne Int'l Communs.*, 329 F.3d 1241, 1245 n.3 (11th Cir. 2003) ("As soon as [a] claimant relies on a wrong [to supply the unjust factor], the right on which he relies arises from that wrong, not from unjust enrichment."); see also, *AIM Recycling Fla., LLC v. Metals USA, Inc*., No. 18-60292-CIV-ZLOCH, 2019 U.S. Dist. LEXIS 78027, at *3 (S.D. Fla. Mar. 4, 2019) (citing same), *State Farm Mut. Auto. Ins. Co. & State Farm Fire & Cas. Co. v. Larocca*, No. 8:21-cv-2536-SCB-AEP, 2022 U.S. Dist. LEXIS 84248, at *15 (M.D. Fla. May 3, 2022) (citing same).

this is what [it was] doing.'"); *see also Donnelly v. Circuit City Stores, Inc.*, No. 5:06-cv-387-Oc-10GRJ, 2007 U.S. Dist. LEXIS 20571, at *8-9 (M.D. Fla. Mar. 22, 2007) ("Indeed, the Plaintiffs have asserted in their Response that they are pleading in the alternative, and, as the Court interprets the Complaint, the Plaintiffs have done so."). The purpose is to preserve recovery if the evidence does not support every element of a fraud or contract claim, but does show an inequitable enrichment.

Plaintiff's unjust enrichment claim stands apart from the fraud-based claims by design and should move forward at this stage. The Complaint alleges facts sufficient to plausibly show that Defendant was unjustly enriched, and the claim is properly pled in the alternative as allowed by both state and federal law. Accordingly, Defendant's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss the Complaint in its entirety.

Dated:   November 1, 2025

Respectfully submitted,

By: /s/ *Janakan Thiagarajah*
Janakan Thiagarajah (FL Bar No. 1040171)
The Bellwether Law Firm
55 SE 2nd Avenue
Delray Beach, FL 33444
(305) 525-3052
janakan@bellwetherlaw.com

*Attorney for Plaintiff Cellpoint, Int'l*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of November, 2025, I electronically filed the forgoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to:

**Richard B. Storfer**

**Riley W. Cirulnick**

*Attorneys for Defendant Mark Laffler*

**LORIUM LAW**
101 N.E. 3rd Avenue, Suite 1800
Fort Lauderdale, Florida 33301

*Janakan Thiagarajah*
**Janakan Thiagarajah**